**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TAMI B., | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:21-CV-1460 (JCH) |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | MAY 7, 2024 |
| Defendant. | : | |
| | : | |

**RULING ON MOTION FOR AWARD OF ATTORNEY'S FEES (DOC. NO. 28)**

**I.       INTRODUCTION**

Richard B. Grabow ("Attorney Grabow"), attorney for Tami B. ("plaintiff"), moves for an award of attorney's fees pursuant to section 406(b) of title 42 of the United States Code.  Attorney Grabow seeks $23,169.75, which is twenty-five percent of the total past due benefits awarded to the plaintiff.  See  Affidavit ("Afft.") Motion for Attorney's Fees ("Mot. for Atty's Fees") (Doc. No  28-3) at ¶ 5.   The Commissioner, in his limited role in this type of proceeding, requests that the court determine the reasonableness of the fee request.  See Response to Motion for Fees Pursuant to Section 406(b) ("Def.'s Resp.") (Doc. No. 29) at 2.

For the reasons stated below, the Motion for Award of Attorney's Fees (Doc. No. 28) is granted.

**II.      BACKGROUND**

On March 7, 2023, the court issued a Ruling denying the Commissioner's Motion to Affirm the Decision of the Commissioner (Doc. No. 16) and granting the plaintiff's Motion to Reverse the Decision of the Commissioner (Doc. No. 14), thereby vacating the Administrative Law Judge's Decision.  Ruling (Doc. No. 22)    Judgment remanding

1

the case entered on March 9, 2023.  Judgment (Doc. No. 23).  The matter was

remanded, and a re-hearing was held.

A "Notice of Award" was issued on March 31, 2024, by the Social Security

Administration advising the plaintiff that she was awarded past due benefits beginning

July 2018, and that $23,169.75, representing 25% of her total past due benefits, was

withheld for payment of attorney's fees.  Afft. (Doc. No. 28-3) at ¶ 5.

III.  **STANDARD**

"Whenever a court renders a judgment favorable to a claimant under this

subchapter who was represented before the court by an attorney, the court may

determine and allow as part of its judgment a reasonable fee for such representation,

not in excess of 25 percent of the total of the past-due benefits to which the claimant is

entitled[.]"  42 U.S.C. § 406(b)(1)(A).  "The effect of this provision . . . is threefold: it

fix[es] a maximum percentage for contingent fees of twenty-five percent; [it] permit[s]

recovery of such fees only out of past due benefits; and [it] require[s] court approval for

whatever amount of such fees should be paid."  Fields v. Kijakazi, 24 F.4th 845, 852 (2d

Cir. 2022) (footnote, quotation marks, and citation omitted).

In evaluating a fee application pursuant to section 406(b), "a court's primary

focus should be on the reasonableness of the contingency agreement in the context of

the particular case[.]"  Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).  As part of

the reasonableness analysis, a district court must consider "a) the character of the

representation and the result the representative achieved, b) whether a claimant's

counsel is responsible for undue delay, and c) whether there was fraud or overreaching

in the making of the contingency agreement."  Fields, 24 F.4th at 849 (footnote omitted).

This determination also requires consideration of whether a requested fee would

2

amount to a "windfall" to the attorney.  Id.; see also Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002) ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.").  "In determining whether there is a windfall that renders a [section] 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate."  Fields, 24 F.4th at 854.  "Rather, the court should consider the 'ability and expertise of the lawyer' involved, the 'nature and length of the professional relationship with claimant,' the satisfaction of the client, and how uncertain it was that the case would result in an award of benefits."  Mary D. v. Kijakazi, 2023 WL 2236909, at *1(D. Conn. Feb. 27, 2023) (quoting Fields, 24 F.4th at 854–55).

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."  Wells, 907 F.2d at 371.  Accordingly, a reduction is appropriate only when [the court] finds the [fee] amount to be unreasonable."  Id.

## IV. DISCUSSION

### A. Reasonableness

First, Attorney Grabow possesses expertise and experience in Social Security disability appeals, regularly appearing in this District on behalf of claimants in such cases.  Second, Attorney Grabow spent 26.50 hours representing the plaintiff in this court and successfully seeking remand.  Expending 26.50 hours to secure such a result is reasonable, as "[c]ourts in the Second Circuit have generally held that a routine social security case requires from twenty to forty hours of attorney time."  Jones v. Colvin, 2018 WL 4845744, at *1 n.1 (D. Conn. Oct. 4, 2018) (quotation marks and citation omitted).  Third, given the substantial size of the Award of retroactive benefits obtained,

the court presumes that the plaintiff is satisfied with Attorney Grabow's representation in this case.  Indeed, this conclusion is strengthened by the fact that the plaintiff received notice of the Motion and counsel does not indicate that plaintiff objects.  Further, plaintiff agreed to the fee of 25% of past due benefits, which is the total plaintiff's counsel would ordinarily receive.   See Retainer Agreement, Mot. for Atty's Fees (Doc. No. 22-1).  Fourth, without counsel's efforts that resulted in remand, it is likely that this successful outcome would not have been achieved.   Finally, as noted above, the recovery in a Social Security appeal case is uncertain.

Plaintiff counsel's de facto hourly rate in this case is $874.33 per hour—$23,169.75 divided by 26.50 hours.  This sum is higher than other section 406(b) fee awards sanctioned by courts in this District, although there are higher rate awards.  See, e.g., Christopher B. v. Kijakazi, 2023 WL 2236907, at *1–2 (D. Conn. Feb. 27, 2023) (approving a section 406(b) fee award at an effective hourly rate of $950.00); Vasquez v. Saul, 2020 WL 4812849, at *2 (D. Conn. Aug. 18, 2020) (approving attorney's fees under section 406(b) at a de facto hourly rate of $791.44); Sama v. Colvin, 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (approving an Attorney's fee award at an effective hourly rate of $785.30).

Thus, the amount requested is reasonable and does not amount to a "windfall" to counsel.

**V.    CONCLUSION**

For the foregoing reasons, plaintiff counsel's Motion for Award of Attorney's Fees (Doc. No. 28) is granted.  Attorney Grabow is awarded fees in the amount of $23,169.75, which represents 25% of the plaintiff's past due benefits.  In light of the court's Ruling, Attorney Grabow must promptly refund the plaintiff $6,000, which

4

represents the EAJA award previously paid to him.  See Rodriguez v. Colvin, 318 F.

Supp. 3d 653, 658 (S.D.N.Y. 2018) ("Fee awards may be made under both the EAJA

and [section] 406(b), but the claimant's attorney must refund to the claimant the amount

of the smaller fee." (quotation marks and citation omitted)).

**SO ORDERED.**

Dated at New Haven, Connecticut this 7th day of May 2024.


 /s/ Janet C. Hall_____
Janet C. Hall
United States District Judge